NATHAN S. DAVIS *vs.* AMBROSE P. WERDEN & others.

Promissory notes given by one partner, still residing in this state, to his former copartner, now residing in another state, and placed by the latter in the hands of an agent here for collection, may be attached in equity, under *St.* 1851, *c.* 206, by a creditor of the firm.

BILL IN EQUITY, under *St.* 1851, *c.* 206, by a creditor of Couch and Werden, formerly copartners in Lee, where the plaintiff and Couch continued to reside, to attach certain promissory notes made by Couch to Werden, and now in the hands of Josiah A. Royce in Lee. Werden formerly resided in Lee, but at the date of the bill resided in Illinois.

At the hearing before *Dewey*, J., the defendant objected to the maintenance of the bill "that one of the joint debtors has at all times resided in this state; that, at the time when the attached notes were given, Couch promised and agreed with Werden to pay all the outstanding claims against Couch & Werden, including the plaintiff's debt, but of which agreement the plaintiff had no knowledge; that Werden had executed a transfer of the attached notes after they were due, and after the plaintiff's attachment, to some person in Illinois; and that the notes were in the hands of Royce, at the time of the service of this bill upon him, for the purpose of receiving payment on the same, and for no other purpose." The judge overruled the objection, and entered a decree for the plaintiff, subject to the opinion of the full court.

*M. Wilcox*, for the defendant. In order to entitle a creditor to compel the application in equity, "in payment of a debt due from any debtor not residing in this commonwealth," of any property "of such debtor, within this commonwealth," which cannot be reached at law, all the debtors must reside out of the Commonwealth. *St.* 1851, *c.* 206. *Silloway* v. *Columbian Ins. Co.* 8 Gray, 199. *Brown* v. *Delafield*, 1 Denio, 445.

*J. E. Field*, for the plaintiff.

BIGELOW, J. The bill in this case states a case which entitles the plaintiff to the remedy provided by the *St.* of 1851, *c.* 206. The purpose of that statute was to enable a creditor to reach, and apply in payment of his debt, every kind of valuable right or interest, either legal or equitable, in this commonwealth, belonging to a non-resident debtor, which could not be come at to be attached or taken on execution in a suit at law against such debtor. The effect of the statute was to place non-resident debtors more nearly on the same footing with those residing here. Creditors always had the power to enforce their claims against the latter, and compel the surrender of property belonging to them, which was beyond the reach of attachment or seizure, by committing them on execution. But as against non-resident debtors, there was no such remedy before the enactment of this statute.

In the present case, the plaintiff has a claim against one of the defendants, who resides out of the Commonwealth, and who is the owner of choses in action which are in the hands of an agent residing here. This is the exact case provided for in the statute. It is no objection that the debt due the plaintiff is a claim against a partnership of which the non-resident debtor was a member. Each partner is liable *in solido* for the debts of the firm, and his private property is liable to be taken in satisfaction of a partnership debt. The plaintiff has therefore a right to reach by this process the separate property of one of the firm, who resides out of the State. The right of a creditor of the firm to take the property of one of the copartners, by attachment or on execution, cannot be affected by any agreement of the copartners *inter sese* on dissolution, that the other copartner shall pay all the debts of the firm. *Decree for the plaintiff.*